UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CALLOU CORPORATION                                        CIVIL ACTION

VERSUS                                                    NO.: 14-1701

KEV'S KONCRETE, L.L.C., ET AL.                            SECTION: "A"(3)

# ORDER

Defendant Michael Munna moves the Court to vacate/set aside the Clerk's entry of default on July 21, 2015 (Rec. Doc. 30). Rule 55(a) mandates entry of default where a party fails to plead or otherwise defend a suit as provided in the Rules. Fed. R. Civ. P. 55(a). Rule 55(c) provides that for good cause shown the court may set aside an entry of default. Fed. R. Civ. P. 55(c). "Good cause" is to be interpreted liberally. *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003) (citing *Amberg v. Federal Dep. Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991)). The court looks to a variety of factors when determining whether good cause exists including whether the failure to act was willful and whether the party acted expeditiously to correct the default. *Id.* (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). The Fifth Circuit has adopted a policy in favor of resolving cases on their merits and against the use of default judgments. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). The decision to grant or deny a motion to set aside a default rests within the sound discretion of the trial court. *See Ice Co. Prod. WLL v. C & R Refrig., Inc.*, No. 05-003, 2005 WL 1799517, *1 (E.D. Tex. July 26, 2005).

No default judgment has been entered in this case. The Clerk entered Defendant's default on July 21, 2015. Defendant was unrepresented at the time. On August 30, 2015, Defendant filed the instant motion through counsel who explained that Mr. Munna promptly sought legal assistance when he was served with the complaint, prior to the entry of default. However, before Mr. Munna could obtain counsel, he suffered a stroke. After recovering and upon learning of the entry of default, Mr. Munna filed a motion for an extension of time so that he could obtain an attorney. Once he obtained counsel, he filed the instant motion.

In light of the foregoing factual circumstances, the Court concludes that good cause exists to set aside the entry of default.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Set Aside Default (Rec. Doc. 30)** filed by Defendants is **GRANTED.**

October 2, 2015

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE